UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONTINENTAL CASUALTY COMPANY, and
TRANSPORTATION INSURANCE COMPANY,
      Plaintiffs,

vs.                                           Case No.  3:04-cv-1170-J-20MCR
                                                                            Consolidated

CITY OF JACKSONVILLE, DUVAL COUNTY
SCHOOL BOARD, and JACKSONVILLE
ELECTRIC AUTHORITY,

      Defendants.
_____/

DUVAL COUNTY SCHOOL BOARD,
      Counter-Plaintiff,

vs.

INSURANCE COMPANY OF NORTH
AMERICA,

      Counterclaim-Defendant.
_____/

THE TRAVELERS INDEMNITY COMPANY,
      Plaintiff,

vs.

CITY OF JACKSONVILLE, JACKSONVILLE
ELECTRIC AUTHORITY, TRANSPORTATION
INSURANCE COMPANY, and DOES 1-100,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants', the City of Jacksonville, JEA f/k/a Jacksonville Electric Authority, and the Duval County School Board (collectively the "City"), Motion to Compel Production of Documents and Attendance at a Noticed

Deposition by Transportation (Doc. 206) filed June 22, 2006.  Plaintiffs Continental Casualty Company and Transportation Insurance Company ("Plaintiffs") filed their response in opposition (Doc. 211) on July 7, 2006.   Accordingly, the matter is now ripe for judicial review.

## I.  BACKGROUND

This case involves the duties and obligations of both parties in a separate piece of underlying litigation, Nora Williams, et. al., v. City of Jacksonville, et. al., Case No. 16-2003-CA-003263 ( the "Williams Litigation").  By way of summary,[1] the Williams Litigation involved a class of plaintiffs (the "Williams plaintiffs") who filed suit against the City of Jacksonville alleging personal injury and property damage due to the City Defendants' practice of dumping and/or burning toxic ash and solid waste.  Plaintiffs, the City's insurers, agreed to defend the City under a reservation of rights.  In the summer of 2005, the Williams plaintiffs and the City participated in settlement discussions which lead to a settlement proposal by the Williams plaintiffs.  The City informed Plaintiffs it had conditionally accepted the proposal and invited the Plaintiffs to undertake its defense without a reservation of rights or negotiate an acceptable settlement.  The City also informed Plaintiffs that if they did not respond within the Williams plaintiffs' deadline, the City would accept the settlement and reject any further defense from Plaintiffs.

Plaintiffs rejected the settlement and the City, as promised, accepted the Williams plaintiffs' settlement offer and simultaneously rejected any further defense by

---

[1] This summary is a short synopsis of the background and relevant facts of the instant case; it does not constitute a complete description of the case.

Plaintiffs. On August 11, 2005, the settlement agreement between the City and the <u>Williams</u> plaintiffs was executed. The City contends that it was not until late September 2005, however, that the court approved the settlement. Plaintiffs paid approximately $3.9 million in attorneys fees and defense costs in defending the City in the <u>Williams</u> litigation.

On November 4, 2004, Plaintiffs filed a Complaint for Declaratory Relief asking the Court to find the City breached the cooperation and voluntary payment clauses of the relevant insurance polices. (Doc. 1). Plaintiffs argued the City breached these clauses when it entered into the settlement agreement with the <u>Williams</u> plaintiffs without Plaintiffs' consent and over their explicit objections. Moreover, Plaintiffs contend the City's breach of the cooperation and voluntary payment clauses caused the City to forfeit any available coverage under the insurance policies. The City filed a Counterclaim against Plaintiffs and sought to reestablish lost policies, declaratory relief, and alleged breach of the duty to defend. (Doc. 4). Thus, litigation commenced and discovery pursued.

On November 7, 2005, Plaintiffs filed a Motion for Final Summary Judgment and asked the Court to find that Plaintiffs have no duty to indemnify the City. (Doc. 110). On April 11, 2006, the District Court entered an Order granting, in large part, Plaintiffs' Motion for Summary Judgment. (Doc. 179). The Court found the City had breached the cooperation clauses of the relevant policies. <u>Id</u>. The sole issue the Court left open is whether Plaintiffs exercised good faith in fostering cooperation and negotiating settlement in the underlying <u>Williams</u> litigation. <u>Id</u>.

Believing the factual record existed to demonstrate Plaintiffs had met its obligation to foster cooperation and negotiating settlement, Plaintiffs sought leave to file a supplemental motion for final summary judgment.  The City, however, believed such motion was premature and argued additional discovery was necessary.  The Court held a hearing on May 16, 2005, to consider the parties' arguments.  Plaintiffs filed their Supplemental Motion for Final Summary Judgment on May 25, 2006; however, on May 26, 2006, the Court entered an order requiring the City to "brief why additional discovery is necessary, how long such discovery would take, and the scope of the requested discovery, including a discussion of privilege issues." (Doc. 193). The Order also required Plaintiffs to respond and the Court noted once it had a chance to read both briefs, it would "determine whether or not additional discovery will be permitted."  Id.

On June 6, 2006, the City filed its Motion for Continuance to Respond to Plaintiffs' Supplemental Motion for Summary Judgment (Doc. 199).  The City argued it was entitled to full and complete discovery on the good faith issue, as well as other issues raised in Plaintiffs' Supplemental Motion for Summary Judgment.  Id.  The City sought discovery in the form of  documents, including Plaintiffs' claims file, litigation file, and all other documents relating to Plaintiffs' entire handling of the claims.  Additionally, the City sought to depose all individuals involved in Plaintiffs' handling of the claim.  Id. at 13.

Essentially, the City set forth three main arguments for allowing discovery: (1) an examination of the totality of circumstances is required in evaluating whether Plaintiffs acted in good faith; (2) summary judgment is not appropriate until the City has been given a full and fair opportunity to complete discovery on issues and assertions raised

by Plaintiffs in their Supplemental Motion for Summary Judgment; and (3) the City is entitled to discovery of documents which Plaintiffs contend are privileged because such documents are no longer privileged in the context of a good faith evaluation.  Id.  In its Motion for Continuance, the City mentioned it planned to file a Motion to Compel the production of the documents mentioned above.  Id. at 16.

Plaintiffs responded and argued the City's broad discovery requests were "unnecessary and contrary to the recent Eleventh Circuit opinion in Kohne,[2] Florida law on bad faith actions, the express language of the insurance policies, and this Court's April 11, 2006 Order." (Doc. 203, p. 2).  After careful consideration of the parties' arguments, the Court entered an Order on June 20, 2006, denying the City's Motion for Continuance.  (Doc. 204).

The City has now filed its Motion to Compel (Doc. 206), as promised in its Motion for Continuance.  It asks this Court to compel Plaintiffs to produce (1) documents responsive to Request Nos. 10, 14, and 15 of the City's First Request for Production of Documents, and (2) one or more officers, directors, or managing agents, or other persons to testify in response to a notice of deposition to Transportation pursuant to Rule 30(b)(6).   The deadline for the parties to complete discovery is July 31, 2006.

## II. ANALYSIS

In its Motion to Compel, the City makes substantially the same arguments for allowing discovery as it did in its Motion to Continue, albeit it delves deeper into the issue of privilege in the instant Motion.  Namely, it argues the entire claims, litigation

---

[2] Philadelphia Indem. Ins. Co. v. Kohne, No 04-14258, 2006 WL 1390415 (11th Cir. May 22, 2006).

and related files regarding the <u>Williams</u> litigation are discoverable because a good faith determination can only be made after an analysis of the totality of the circumstances and thus, such documents are not privileged because they are necessary to evaluate Plaintiffs' good faith.  Alternatively, the City argues to the extent the documents are still privileged, Plaintiffs have waived any privilege by filing their Motion and Supplemental Motion for Summary Judgment.  Finally, the City asserts it is entitled to conduct a Rule 30(b)(6) deposition because discovery has not expired and nothing in the Federal Rules stays discovery while a summary judgment motion is pending.

     This Court finds that the City's Motion to Compel should be **DENIED.** Importantly, the District Court Judge has already denied the City's Motion for Continuance -- a Motion for which the City was ordered to, and did, "brief why additional discovery [was] necessary, how long such discovery would take, and the scope of the requested discovery, including a discussion of privilege issues."  (Doc. 193).  Although the City posits the Court merely denied its request for a Continuance to respond to Plaintiffs' Supplemental Motion for Summary Judgment until the completion of discovery, the Court plainly denied the Motion in its entirety.  (Doc. 204).  Moreover, the undersigned is not persuaded by the City's arguments.  The Court has reviewed each of the City's document requests and the subject matter of the deposition testimony the City seeks to obtain.  The Court finds each of the City's requests either irrelevant to the sole issue remaining before this Court, already within the City's possession or knowledge, and/or privileged for the reasons set forth below.

     The City argues a "totality of the circumstances" analysis is required to determine whether Plaintiffs complied with the good faith duty imposed by the contract.  (Doc. 206,

p. 8). Plaintiffs, however, correctly point out that a proper analysis of whether Plaintiffs fulfilled their implied duty of "fostering cooperation and negotiation" is substantially narrower than that of a bad faith analysis. A "duty to foster cooperation" analysis merely requires an investigation into the actions and communications Plaintiffs put forward in bringing about cooperation from the City -- that is, the relevant analysis should focus on matters of which the City has first hand knowledge due to its inevitable position of being on the receiving end of Plaintiffs' actions and communications.

This Court finds the Eleventh Circuit's recent decision in Philadelphia Indem. Ins. Co. v. Kohn, No. 04-14258, 2006 WL 1390415 (11th Cir. May 22, 2006), instructive on the issue of how to analyze the issue of due diligence and good faith in attempting to promote cooperation. Namely, the Kohn decision demonstrates that the proper analysis is based on the communication and actions between the insurer and its insured. See also Royal Indem. Co. v. Rexford, 197 F.2d 83, 85 (5th Cir. 1952) (applying Florida law) (analyzing the duty to cooperate and noting the insurer's actions, such as its attempt to locate an insured who was unavailable to testify); Stewart Sleep Center, Inc. v. Atlantic Mut. Ins. Co., 860 F. Supp. 1514, 1519 (M.D. Fla. 1993) (analyzing an insurer's obligation to exercise due diligence and good faith in bringing out the insured's cooperation by noting lack of action on the part of the insurer as well as the agents' behavior during meetings). Contrary to the City's belief, this analysis does not require an "evaluation of [Plaintiffs'] entire conduct in the handling of the claim." (Doc. 206, pp. 10-11).

While the issue of bad faith requires an analysis of the "totality of the circumstances" involved in claim handling, the instant case does not involve a bad faith

claim; rather, it involves a coverage dispute where both Plaintiffs and the City have asked this Court to determine whether coverage exists.  Florida law makes it clear that a bad faith claim can only lie once the coverage issue has been determined in favor of the insured.  Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991).   Because coverage is precisely the issue to be decided in the instant case, a bad faith claim cannot proceed.  Thus, the documents and testimony the City seeks are irrelevant to the sole issue remaining before this Court -- whether Plaintiffs exercised good faith and due diligence in bringing about cooperation from the City.  Moreover, because the relevant analysis is limited to what the Plaintiffs said and did to the City, the City already has access to any information it needs to continue litigating this action.

Finally, the discovery the City seeks is protected by the attorney-client and work product privileges.  The Court finds Plaintiffs have not waived these privileges by bringing this action.   Nor have they waived them by filing a motion for summary judgment.  See Chomat v. Northern Ins. Co., 919 So.2d 535, 537 (Fla. 3d DCA 2006) (stating that filing a coverage action and the initial burden of going forward is not enough to waive the attorney-client privilege).  Contrary to the City's belief, Plaintiffs have not placed the issue of whether they acted in bad faith before the Court.  As discussed earlier, the question of whether Plaintiffs attempted in good faith to foster the City's cooperation is much narrower than whether under the totality of the circumstances Plaintiffs acted in bad faith.  In the event the City prevails in this action and coverage is determined in favor of the City, then and only then, can the City assert a bad faith claim against Plaintiffs.

### III.  CONCLUSION

The sole issue remaining in this case is whether Plaintiffs exercised good faith and due diligence in fostering the City's cooperation.  This issue requires an analysis as to what actions Plaintiffs took and what conversations Plaintiffs had with the City in an attempt to foster cooperation from the City with regard to the settlement proposal in the <u>Williams</u> litigation.  The City has first hand knowledge of these actions and conversations and thus, the discovery the City seeks is unnecessary and irrelevant.  Moreover, the majority of the documents and deposition testimony the City seeks are privileged.

Accordingly, after due consideration, it is

**ORDERED**:

The City's Motion to Compel Production of Documents and Attendance at a Noticed Deposition by Transportation (Doc. 206) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  19th  day of July, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party