UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONTINENTAL CASUALTY COMPANY, and
TRANSPORTATION INSURANCE COMPANY,
      Plaintiffs,

vs.                              Case No.  3:04-cv-1170-J-20MCR
                                                Consolidated

CITY OF JACKSONVILLE, DUVAL COUNTY
SCHOOL BOARD, and JACKSONVILLE
ELECTRIC AUTHORITY,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Emergency Motion to Enforce the

Court's Orders or, In the Alternative[1], Motion for Protective Order (the "Motion to

Enforce") (Doc. 265) filed on February 2, 2007, as well as Defendants' Motion to

Compel Testimony of a Corporate Representative Pursuant to Fed. R. Civ. P. 30(b)(6)

(the "Motion to Compel") (Doc. 273) filed February 8, 2007.  Because both Motions

involve the same set of circumstances and substantially similar issues, the Court will

address them in a single Order.

## I. BACKGROUND

On December 7, 2007, Judge Schlesinger entered an Order (Doc. 261) in the

above styled action in response to the Case Management Report submitted by Plaintiffs

---

[1] Although the title of Transportation's Motion seems to suggest it is seeking to enforce the
Court's Orders or, alternatively, it is moving for a protective order, Transportation actually asks for
the Court's enforcement of its previous Orders as well as a protective order.

Continental Casualty Company and Transportation Insurance Company

("Transportation") and the competing Case Management Report submitted by

Defendants City of Jacksonville, Duval County School Board, and JEA ("the City").  The

reason the parties served competing Case Management Reports was because they

disagreed over the scope of discovery regarding the one issue remaining before this

Court, i.e., whether Transportation exercised good faith and due diligence in trying to

bring about the City's cooperation.  (Doc. 261, p. 2).  Specifically, the City argued the

scope of discovery permitted should be broad because the issue before the Court

required an examination into the reasonableness of the amount of settlement.  Id.

Transportation, however, argued discovery should be narrowly tailored to require only

an examination of what Transportation did and said with respect to the City and the

Williams plaintiffs and what the City did and said with respect to the Williams plaintiffs

and Transportation.  Id.

   Judge Schlesinger made it clear that "[t]he purpose of [his] Order [was] to fully

describe the precise issues that will be considered at trial and to schedule a final

discovery schedule and trial date."  Id.   He instructed "Transportation correctly argues

that the only issue to be decided is the reasonableness of the actions and

communications between the parties relating to the potential settlement of the action

that should be at issue."   Id. at 3.  Next, Judge Schlesinger looked to the case of

Philadelphia Indem. Ins. Co. v. Kohne, No. 04-14258, 2006 WL 1390415 (11th Cir. May

22, 2006) as guidance on this issue and noted "the proper analysis is based on

communications and actions between the insurer and its insured."  (Doc. 261, pp. 3-4)

(emphasis added).  Finally, Judge Schlesinger permitted the parties to partake in

additional discovery on January 8, 2007, but limited it to the issue of whether Transportation exercised good faith and due diligence in trying to bring about the City's cooperation (the "cooperation" issue). Id. at 5.

Discovery commenced and on December 20, 2006, the City served Transportation with its Notice of Videotaped Deposition (Doc. 265-3).  The Notice required Transportation to produce one or more deponents for a Fed. R. Civ. P. 30(b)(6) deposition.  Id.  Additionally, the Notice set forth nine matters on which the City intended to question Transportation's corporate representative.  Id.  On January 22, 2007, Transportation wrote a letter to the City and objected to the breadth of the City's Notice and cited Judge Schlesinger's December 7, 2007 Order as support for its objections.  (Doc. 265-4).

The City did not respond to Transportation's letter and on January 25 and 26, 2007, the City deposed Laura McGrath, Transportation's 30(b)(6) designee, for approximately nine hours, during which time the parties argued over the proper scope of questioning and Transportation's counsel's stated objections and instructions of the deponent not to answer.  Subsequent to the deposition, Plaintiff filed its Motion to Enforce (Doc. 265) and Defendant filed its Motion to Compel (Doc. 273).

## II.  ANALYSIS

As the Court finds Transportation's Motion to Enforce due to be Granted, it will begin its analysis with it.

## A.    Transportation's Motion to Enforce

In Transportation's Motion to Enforce, Transportation asks the Court to enforce its previous Orders and enter a protective order limiting the scope of discovery to the

narrow cooperation issue.  (Doc. 265, p. 5).  Transportation also asks the Court to award it attorneys' fees and costs.  Id.

Transportation argues that instead of focusing on the limited "cooperation" issue defined by the Court, the City focused its questioning on issues such as Transportation's search for policies, its compliance with the Florida Claims Administration Statute, its reservation of rights defense of the Williams action, its claims handling practices, and its internal investigations.  Id. at 4-5, 7.  During the deposition, counsel for Transportation objected to these questions as "outside the scope" of discovery and at times, instructed the witness, Ms. McGrath, not to answer pursuant to Fed. R. Civ. P. 30(d)(1).  Id. at 7.  As support for its arguments, Transportation quoted, in its Motion, a colorable array of the types of questions asked by the City during the deposition.  Id. at 8-12.

In response, the City argues Transportation erroneously seeks to impose severe limitations on the scope of the deposition which would preclude any examination into the honesty of Transportation's words, conduct underlying Transportation's words, and Transportation's motivations for that conduct.  (Doc. 269, pp. 1-2).  The City construes Transportation's position as limiting the scope of discovery only to communications between the parties, as opposed to actions.  Id. at 3-7, and 10.  Moreover, the City posits the proper analysis with respect to the cooperation issue is an analysis that permits discovery into "Transportation's conduct, its motivation to avoid coverage, and whether it acted in its own best interest instead of giving due regard and fair consideration to the interest of its insured."  Id. at 10-11.  Finally, the City argues Transportation's counsel's actions in instructing its witness not to answer, in objecting to

numerous questions, and in making "speaking" objections deprived the City of its ability to demonstrate the relevancy of its inquiries.  Id. at 14-20.  Similar to Transportation, the City sets forth examples of its questioning at the deposition and explains how it intended to proceed with such questioning had Transportation's counsel not instructed the witness not to answer.  Id.

Transportation brings its motion pursuant to Rules 26(c) and 30(d) of the Federal Rules of Civil Procedure.  Thus, the Court is free to assert its authority under Rule 26(c) which provides that "upon motion by a party. . . and for good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. " Fed. R. Civ. P. 26(c).  The party seeking the protective order has the burden to demonstrate good cause.  Id

The Court has considered the parties arguments and finds Transportation has met its burden in demonstrating this Court should enforce its previous Orders and that it should grant a protective order to protect Transportation from additional undue burden and expense during the discovery process.  The City continues to misconstrue this Court's previous Orders of April  11, November 1, November 29, and December 7, 2006.  Namely, the City continues to construe the cooperation issue too broadly.  It seems the City continues to believe that all of Transportation's actions and communications are relevant to whether it is telling the truth regarding settlement.  The City, however, has apparently misinterpreted this Court's previous Orders and in particular, has overlooked the fact that Judge Schlesinger specifically narrowed the issue to the "actions and communications between the parties."   As evidenced by the parties' briefs and the excerpts quoted from the deposition, the City continues to pursue

questioning regarding Transportation's independent actions, without regard to the qualifying phrase "actions between the parties."

The City also continues to pursue bad faith arguments.  For instance, it continues to argue Transportation's actions constituted bad faith because it made material misrepresentation's concerning its coverage; however, the City misses the ball with respect to this argument.  As the Court has previously pointed out, this is an action to determine coverage -- not bad faith.  Whether or not Transportation made misrepresentations concerning its coverage is an issue that can only be decided if the City prevails on the coverage issue.  Thus, the City is barking up the wrong tree by continuing to rely on the reasoning of Florida courts in actions concerning bad faith. See e.g., (Doc. 269, p. 18) (relying on the Court's instruction in Boston Old Colony Ins. Co. v. Gutierrez, 386 So. 2d 783, 785 (Fla. 1980), which relates to the duty of good faith under a bad faith cause of action).

As this Court has now instructed on several occasions, the cooperation issue in a coverage dispute concerns a wholly distinct analysis from that at issue in a bad faith case.  See e.g. J. Richardson's Order (Doc. 221) and J. Schlesinger's Orders (Docs. 244 and 261).  Moreover, the City essentially made a number of the same arguments it makes in this Motion, which essentially equate to "totality of the circumstances" arguments, in its previous Motion to Compel which the undersigned denied and which Judge Schlesinger explicitly affirmed.  Id.

As Judge Schlesinger clarified on more than one occasion, the discovery in this action is limited to the issue of "whether Transportation exercised good faith and due diligence in trying to bring about the City's cooperation."  This means the discovery

-6-

inquiries are limited to only an examination of what Transportation did and said with respect to the City and the Williams plaintiffs and what the City did and said with respect to the Williams plaintiffs and Transportation.  Again, the reasonableness of the settlement is not at issue; nor is a bad faith analysis at issue at this juncture in the case.

The Kohne case instructs that the true line of questioning the City is authorized to pursue is what efforts did Transportation pursue with respect to the Williams plaintiffs and the City to foster settlement.  2006 WL at **3.   Consequently, the City is ordered to refrain from seeking discovery regarding the background, context, and circumstances surrounding Transportation's decision and motives; nor may the City focus on Transportation's investigation and analysis of the Williams litigation or the reasonableness of the settlement between the Williams plaintiffs and the City.

With regard to Transportation's request that this Court award Transportation attorneys' fees and costs, the Court will decline to do so.  Although, the Court notes this issue has been discussed on several occasions, the Court believes the cooperation issue is complex and will allow the City one additional opportunity to follow its Orders without having costs and fees awarded against it.

**B.    City's Motion to Compel**

As stated above, a number of issues addressed in Transportation's Motion are also addressed in the City's Motion to Compel.  Namely, the City makes two arguments which the City touched upon in its response to Transportation's Motion to compel: (1) Transportation refused to allow its corporate designee to testify on subject matters germane to the cooperation issue; and (2) Transportation improperly instructed the witness not to answer numerous questions during the deposition.  (Doc. 273, p. 2).

Additionally, the City argues Transportation failed to produce a witness with personal knowledge of the matters listed in the 30(b)(6) Notice, and Transportation interjected improper speaking objections to steer the testimony favorably to its client. Id. Finally, the City asks this Court to require Transportation to pay costs incurred in taking Ms. McGrath's deposition and in bringing this Motion.

This Court has already held the City's line of questioning did exceed the scope of the cooperation issue and thus, Transportation's actions in refusing to allow its corporate designee to respond to matters outside the scope of this Court's orders and in instructing the witness not to answer based on relevancy concerns were proper. Notably, Fed. R. Civ. P. 30(d)(1) authorizes a person to instruct a deponent not to answer when necessary to enforce a limitation directed by the Court. Thus, Transportation's counsel was authorized by Rule 30(d)(1) when she instructed Ms. McGrath not to answer because counsel was merely attempting to enforce prior Orders of this Court.

The City also argues Transportation erroneously and repeatedly instructed Ms. McGrath not to answer questions allegedly based on the attorney-client privilege and/or the work product doctrine, when in reality the questions were aimed at discovering how the witness prepared for the deposition. (Doc. 273, pp. 7-9). Transportation responds it properly instructed Ms. McGrath not to respond on various occasions because the City continually attempted to elicit protected and/or privileged testimony. The Court has considered the testimony set forth by the parties in relation to this argument and finds Transportation was correct in objecting under the circumstances because the City was attempting to evoke privileged testimony.

The City claims Transportation failed to provide a designee with sufficient knowledge of the corporation's actions, however, the court finds this argument without merit.  Ms. McGrath has been involved in the case since early fall 2004 and as such, she has extensive personal knowledge of Transportation's actions with respect to the Williams settlement.  (Doc. 277, p. 13).  Additionally, Ms. McGrath spent a considerable amount of time interviewing people and reviewing documents to gain an understanding of topics where her knowledge was lacking.  Id.  Finally, Ms. McGrath prepared a fairly extensive chronology detailing Transportation's actions with regard to settlement.  Id. The Court finds Ms. McGrath was a sufficient corporate designee.

Finally, with respect to the City's argument that Transportation successfully blocked discovery by making improper speaking objections during the deposition, the Court has considered the context of the objections and cannot find that Transportation's conduct was improper.

As the Court finds the City's Motion to compel is due to be Denied, the Court also denies the City's requests that Transportation pay costs.

Accordingly, after due consideration, it is

**ORDERED**:

1.     Plaintiff's Emergency Motion to Enforce the Court's Orders or, in the Alternative, Motion for Protective Order (Doc. 265) is **GRANTED** in accordance with this Order**.**

2.     Defendants' Motion to Compel Testimony of a Corporate Representative Pursuant to Rule Fed. R. Civ. P. 30(b)(6) (Doc. 273) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  5th  day of

February, 2007.


_Monte C. Richardson_

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record
Any Unrepresented Party