UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONTINENTAL CASUALTY COMPANY, and
TRANSPORTATION INSURANCE COMPANY,
      Plaintiffs,

vs.                                         Case No.  3:04-cv-1170-J-20MCR
                                                    Consolidated

CITY OF JACKSONVILLE, DUVAL COUNTY
SCHOOL BOARD, and JACKSONVILLE
ELECTRIC AUTHORITY,

      Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Omnibus Motion to Compel Documents and Testimony from Counsel for the City and the Williams Plaintiffs (Doc. 309) filed May 1, 2007. Defendants ("the City") filed their response in opposition (Doc. 312) on May 18, 2007. The Court held a hearing on this matter on June 13, 2007. Accordingly, this matter is ripe for review.

### **I. BACKGROUND**

On December 7, 2006, Judge Schlesinger entered an Order in this case allowing the parties to conduct discovery on the sole issue remaining before the Court – whether Plaintiffs had exercised good faith and due diligence in trying to bring about the City's cooperation with regard to settlement of the underlying Williams litigation. (Doc. 261, p. 2). In his Order, Judge Schlesinger noted that the scope of this issue requires an examination of what Plaintiffs did and said with respect to the City and the

-1-

Williams plaintiffs and what the City did and said with respect to the Plaintiffs and Williams plaintiffs.  Id.

Near the close of discovery, Plaintiffs deposed Mr. Lumpkin and Mr. Shulman, attorney witnesses in this matter, in an effort to obtain information relating to settlement-related communications between the City and the Williams plaintiffs.[1]  During the depositions, Plaintiffs questioned Mr. Lumpkin and Mr. Shulman regarding any communications they may have had with each other, or any other opposing counsel, relating to settlement of the underlying Williams litigation.  Counsel for the City objected to the scope of such questions and instructed Mr. Lumpkin and Mr. Shulman not to divulge information covered under the parties' joint defense agreement.[2] (Docs. 309-27, pp. 3-7, 309-28 p. 3).  Plaintiffs now seek an Order from this Court requiring Mr. Lumpkin and Mr. Shulman to answer questions concerning all settlement-related communications between the City and the Williams plaintiffs.

Plaintiffs also seek an Order from this Court requiring production of Mr. Lumpkin and Mr. Shulman's time records.  Prior to the depositions of Mr. Lumpkin and Mr. Shulman, Plaintiffs issued subpoenas to various law firms involved in the Williams litigation and sought to obtain all documents concerning settlement-related communications between the City and the Williams plaintiffs.  After communicating regarding the scope of the subpoenas, the parties agreed orally and in writing that time

---

[1] Mr. Lumpkin is counsel of record for the City in this declaratory judgment.  He handles the insurance coverage matters. Mr. Shulman was employed by the Williams Plaintiffs to advise them on insurance matters after Plaintiffs filed this declaratory judgment action against the City. (Doc. 312, pp. 8-9).

[2] The City and the Williams plaintiffs entered into a joint defense agreement after Plaintiffs filed this declaratory action.  (Doc. 309-26).

-2-

records did not need to be produced in response to the subpoenas. Evidently, however, because Mr. Lumpkin and Mr. Shulman reviewed their time records before giving their deposition testimony, Plaintiff now seeks an Order from this Court requiring Messrs. Lumpkin and Shulman to produce the time records they reviewed before giving their deposition testimony.[3]

## II. ANALYSIS

### A. The Coblentz Agreement

Plaintiffs deposed Mr. Shulman on April 17, 2007 and Mr. Lumpkin on April 24, 2007. (Docs. 309-28; 309-27). During these depositions, Plaintiffs' counsel questioned both Mr. Shulman and Mr. Lumpkin about communications they had with each other, and with other opposing counsel in the underlying Williams litigation, relating to the two tiered settlement proposal by the Williams plaintiffs in this case ("the Coblentz agreement"). Although both Mr. Shulman and Mr. Lumpkin testified they had communicated with each other regarding the Coblentz agreement, the City's counsel repeatedly objected to questions concerning these communications. (Docs. 309-27, pp. 3-7; 309-28 p. 3). Moreover, the City's counsel instructed Mr. Shulman and Mr. Lumpkin not to fully answer such questions because the joint defense agreement protected privileged information relating to the defense of the declaratory judgment action shared between the City and the Williams plaintiffs. (Docs. 309-27, pp. 3-7; 309-

---

[3] Prior to the June 13, 2007 hearing, Plaintiffs also sought an Order from this Court requiring the subpoenaed law firms to produce all settlement-related communications between the City and the Williams plaintiffs not produced to date; however, during the hearing, the City clarified that all relevant documents had been produced. Plaintiffs counsel thus agreed she was satisfied with the City's response. Accordingly, all issues related to the subpoenas duces tecum are now moot with the exception of the time records.

28 p. 3).

During the June 13, 2007 hearing, Mr. Lumpkin again testified that he and Mr. Shulman discussed the Coblentz agreement. During this testimony, he clarified that their discussions concerned the legalities of how the Coblentz agreement could be structured, but that they did not communicate regarding the terms of the settlement proposals or negotiations. Mr. Lumpkin and the City argued the joint defense agreement protects any communications between the City and the Williams plaintiffs regarding matters of insurance coverage. They further argued their communications regarding the Coblentz agreement are relevant to insurance coverage matters, as opposed to settlement-related matters. (Doc. 309-27, p. 5). Thus the City argues that Mr. Lumpkin and Mr. Shulman's communications concerning the Coblentz agreement are privileged under the joint defense agreement and are outside the scope of the sole remaining issue before this Court.

The Court has considered the arguments and case law submitted by both parties in their memoranda, as well as their oral arguments made during the hearing. The Court finds that the communications sought by Plaintiff should be disclosed for two reasons: (1) they are related to the narrow settlement issue still pending in this Court; and (2) they are not privileged communications.

The Court is persuaded by Plaintiffs' counsel's argument that communications concerning insurance coverage issues are not necessarily independent of communications concerning settlement issues, i.e., they are not mutually exclusive. In fact, the Court finds that any communications between the City and the Williams plaintiffs which pertain to the Coblentz agreement – regardless of whether they concern

coverage issues, the structure of the agreement, or the terms of the proposal – are relevant to the settlement issue before this Court.

Notably, the definition of the Coblentz agreement in this case demonstrates it relates to settlement, i.e., it is a settlement proposal containing two alternative settlement resolutions which are dependent upon whether both Plaintiffs and the City agree to the settle the case together or whether only the City agrees to settlement without the participation and consent of Plaintiffs.  This conclusion is not changed by the fact that the Coblentz agreement also implicates coverage issues in the sense that the outcome of the agreement was dependent upon whether or not the Plaintiffs agreed to participate and cover the City's interests in the settlement.  Consequently, any communications between the City and the Williams plaintiffs relating to the Coblentz agreement are relevant to the settlement issue before this Court regardless of whether they merely involved discussions regarding the legality of the structure of such agreement.   These communications are settlement-related and are between the City and the Williams plaintiffs; thus, they directly relevant to the scope of discovery as defined by Judge Schlesinger.

The Court also finds these communications are not privileged and are therefore not protected by the joint defense agreement between the City and the Williams plaintiffs.  The Court finds the fact that these settlement-related communications occurred during a time when the Plaintiffs were continuing to provide the City with a defense to the underlying Williams action of significant importance.  As Judge Schlesinger held, "[Plaintiffs] never refused to defend the City Defendants and the City never rejected the defense it was provided." (Doc. 179, p. 18).   Thus, because

-5-

Plaintiffs continued to meet their duty to defend the City, they continued to maintain the authority to control the settlement in the Williams litigation -- as Judge Schlesinger previously held. (Doc. 179, p. 18). It is of no significance to this issue that Plaintiffs had filed a declaratory action in this matter. Notably, by filing a declaratory action, Plaintiffs merely reserved their right to deny indemnification at a later time, they did not relinquish their authority of control over the settlement. Id. Moreover, in order to maintain control over the litigation and in particular, the ultimate decision with regard to settlement, Plaintiffs should have been privy to any settlement-related communications between the City and the Williams plaintiffs. As such, the settlement-related communications between the City and the Williams plaintiffs are not protected by any privilege and thus, are not protected under the joint defense agreement.

In sum, any and all communications pertaining to the Coblentz agreement are settlement-related communications and thus, the communications Plaintiffs seek to discover from Mr. Lumpkin and Mr. Shulman are relevant to the remaining issue before this Court. Moreover, because Plaintiffs continued to maintain the authority to control the Williams litigation at the time the settlement-related communications between the City and the Williams plaintiffs occurred, any settlement-related communications between the City and the Williams plaintiffs are not privileged and are thus, not covered under their joint defense agreement.

**B.    The Time Records**

Plaintiffs also seek to discover Mr. Lumpkin and Mr. Shulman's time records which they reviewed before giving their deposition testimony. Although Plaintiffs initially agreed that counsel did not need to produce time records, Plaintiffs argue that both

-6-

Messrs. Lumpkin and Shulman testified they reviewed their time records and that such review refreshed their recollection of events. Plaintiffs contend counsel's reliance on these documents vitiates any agreement to not produce these documents.

The City, on the other hand, argues the parties agreed orally and in writing that the time records would not be produced and that Messrs. Shulman and Lumpkin relied on this agreement when reviewing their records. Moreover, despite Plaintiffs' argument that counsel reviewed and relied on the time records to refresh their recollection with deposition testimony, the City argues the depositions confirm that counsel did not have their recollections refreshed by the records and did not use them to testify.

Because the parties agreed that the time records did not need to be produced, the Court finds such records are protected under this agreement regardless of whether Mr. Lumpkin and Mr. Shulman refreshed their recollection of the events which transpired in this case. Plaintiffs have no basis for their argument that a review of these records now vitiates that agreement. As such, the Court will deny Plaintiffs' Motion with respect to the time records.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiffs' Omnibus Motion to Compel Documents and Testimony from Counsel for the City and the Williams Plaintiffs (Doc. 309) is **GRANTED in part and denied in part** in accordance with this Order**.**

2. Plaintiffs are entitled to obtain testimony from Mr. Lumpkin and Mr. Shulman regarding the City and the Williams plaintiffs' settlement-related communications, which specifically includes any discussion of the Coblentz agreement.

The parties shall make every attempt to schedule Mr. Lumpkin and Mr. Shulman's depositions before the **pre-trial conference** in this case.  In any event,  however, these depositions shall occur no later than **July 13, 2007.**

3. Plaintiffs are not entitled to obtain Mr. Lumpkin and Mr. Shulman's time records.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this ___15th___ day of June, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record